(86 Misc. Rep. 78)

PEOPLE v. AMERICAN SUGAR REFINING CO. OF NEW YORK.

(Supreme Court, Special Term, Kings County. June 12, 1914.)

1. NAVIGABLE WATERS (§ 37*)—LAND UNDERLYING—GRANTS OF BENEFICIAL USE.

The state could grant the beneficial use of the land under the waters of the East river to the owners of the adjacent uplands, for the purpose of promoting commerce, as well as for the benefit of such owners.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

2. PLEADING (§ 214*)—DEMURRERS—EFFECT.

A demurrer to the complaint as not stating facts sufficient to constitute a cause of action conceded every allegation set forth therein except conclusions of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. NAVIGABLE WATERS (§ 37*) — LANDS UNDER WATER — PATENTS — SETTING ASIDE—PLEADING.

A complaint for the vacation of patents granting the use of land underlying a river, because of violation of their terms and conditions, which merely alleged the erection and maintenance of buildings in violation of

the patents, without showing any term or condition prohibiting the same, or any violation of the patents, failed to state a cause of action under Code Civ. Proc. § 1957, authorizing the bringing of such actions on such grounds.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 201–226, 285; Dec. Dig. § 37.*]

4. PLEADING (§ 8*)—COMPLAINT—CONCLUSIONS OF LAW.

Allegations in a complaint that, in violation of the terms and conditions of its patents defendant "unlawfully" erected, occupied, and maintained certain buildings on the land were mere legal conclusions, and did not show a violation of the patents.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

5. PLEADING (§ 18*)—COMPLAINT—CERTAINTY.

An allegation in a complaint that defendant "otherwise" omitted to perform the conditions of its patents was so vague, meaningless, and uncertain, as to be incapable of legal proof or proper refutation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 39, 64; Dec. Dig. § 18.*]

6. PLEADING (§ 63*)—COMPLAINT—STATUTORY ACTIONS.

An action to vacate patents for public lands because of violation of the terms and conditions thereof, authorized to be brought by Code Civ. Proc. § 1957, is strictly a statutory action, and the complaint must contain every fact bringing the case within the statute.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 10, 133; Dec. Dig. § 63.*]

7. PUBLIC LANDS (§ 163*)—PATENTS—CANCELLATION—COMPLAINT—STATUTE.

That Code Civ. Proc. § 1957, provides that when the Attorney General has good reason to believe that a violation of the terms and conditions of a patent for public lands can be proved, for which there is no legal defense, he must bring suit to vacate the patent, does not exempt him or his client from the necessity of presenting a complaint sufficient by the ordinary rules of pleading.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 460–465; Dec. Dig. § 163.*]

8. PLEADING (§ 48*)—COMPLAINT—CONSTRUCTION.

While pleadings are not to be strictly construed against the pleader, where a complaint would be insufficient to admit evidence of the charges sought to be made, it must be held insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 105, 106; Dec. Dig. § 48.*]

9. PUBLIC LANDS (§ 163*)—PATENTS—CANCELLATION—ISSUES, PROOF, AND VARIANCE—EVIDENCE ADMISSIBLE.

In an action to vacate patents for public lands, because of violation of their terms, failure to build docks could not be shown without an allegation of that fact, a prohibition against erecting buildings could not be shown without an allegation to that effect, nor could evidence be introduced under an allegation that defendant "otherwise omitted to perform" the terms of the patents.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 460–465; Dec. Dig. § 163.*]

Action by the People of the State of New York against the American Sugar Refining Company of New York. On demurrer to the complaint and plaintiffs' motion for judgment on the pleadings. Demurrer sustained and motion overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas Carmody, Atty. Gen. (William A. McQuaid, of New York City, of counsel), for the People.

Henry F. Cochrane, of Brooklyn (Edgar M. Cullen, of Brooklyn, and James M. Beck, of New York City, of counsel), for defendant.

MANNING, J. The action is brought by the people of the state of New York, through the Attorney General against the defendant, the American Sugar Refining Company of New York, for the purpose of vacating certain letters patent, whereby the predecessors of the defendant company were granted certain rights or privileges to lands under water adjacent to certain uplands owned by them, situate in the county of Kings and state of New York, to which rights the defendant has succeeded.

The letters patent are eight in number, and are set forth in full in the form of exhibits attached to the complaint. The first of these grants is dated September 3, 1868, and expressly provides that it is made and given *"for the purpose of promoting the commerce of our said state or for the beneficial enjoyment by the adjacent owner and for no other object or purpose whatsoever,"* reserving, however, the right to the people to enter upon and use the premises so granted "until the same shall have been actually appropriated and applied to the purposes of commerce or for the beneficial enjoyment of the same by the adjacent owner by erecting a dock or docks thereon." The second grant is dated June 30, 1868, and contains similar provisions. The third grant is dated the 7th day of May, 1869, and is also similar in wording to the other two heretofore mentioned. The fourth grant is *"for the purpose of promoting the commerce of our said state and for no other object or purpose whatsoever,"* and contains the following reservation concerning the right of the people to enter upon the lands so granted:

"Until the same shall have been actually appropriated and applied to the purposes of commerce by erecting a dock or docks thereon."

This grant is dated October 21, 1875. The fifth, sixth, seventh, and eighth grants are similar in phraseology to the fourth grant, and are dated, respectively, October 21, 1875, October 21, 1875, December 28, 1883, and May 6, 1884. The grants referred to were made to the several grantees therein described, and thereafter by divers mesne conveyances the defendant company became the owner of the upland portion of the premises affected by the grants, and thus became the successor in interest of the grantees of each and every one of the aforesaid grants or letters patent.

[1] There is no question but that the state had the right to make the grants above referred to, this governmental function having been sanctioned by a line of authorities from the earliest times down to the present date.

In the very recent case of the Long Sault Development Co., 105 N. E. 849, in which a decision was rendered on the ninth instant, by our own Court of Appeals, Chief Judge Bartlett, writing for the court, says:

"The power of the Legislature to grant land under navigable waters to private persons or corporations for *beneficial enjoyment* has been exercised too long, and has been affirmed by this court too often, to be open to serious question at this late day. Lansing v. Smith, 4 Wend. 9, 21 Am. Dec. 89; People v. N. Y. & Staten Island Ferry Co., 68 N. Y. 71; Langdon v. Mayer, 93 N. Y. 129. The contemplated use, however, must be reasonable, and one which can fairly be said to be for the public benefit, or not injurious to the public. 'For every purpose which may be useful, convenient, or necessary to the public, the state has the unquestionable right to make grants in fee or conditionally for the *beneficial use of the grantee or to promote commerce according to their terms.* * * * Grants to the owners of the adjoining uplands, either for *beneficial enjoyment or for commercial purposes,* have long been authorized and recognized as one of the uses to which the state may lawfully apply such lands.' Coxe v. State, 144 N. Y. 390, 407, 39 N. E. 400."

The present action was begun on the 20th day of December, 1913, by the service of a summons and complaint upon the defendant, and thereafter, and on the 17th day of April, 1914, issue was joined by the service of a demurrer by the defendant; the ground of demurrer being that the complaint does not state facts sufficient to constitute a cause of action. Thereupon a motion was made on behalf of the plaintiffs, the people, for judgment on the pleadings, which motion is now before this court for determination.

The people's contention is that the demurrer interposed by the defendant is clearly frivolous, because they say the complaint contains a plain and concise statement of the facts constituting a cause of action as provided for by section 481 of the Code of Civil Procedure.

[2] The effect of the demurrer interposed by the defendant is to practically concede every allegation set forth in the complaint, and to still maintain that no cause of action is stated; of course, conclusions of law are not admitted by the demurrer.

[3] The action is not predicated upon any alleged infirmity in the grants as made by the state, nor is the power of the state to make such grants challenged. The sole and only ground set forth in the complaint, and upon which the court is asked to grant judgment vacating and annulling these grants, is that the defendant, or its predecessors, have violated the terms and conditions in said grants contained, and under which they were issued. Does the complaint measure up to the gravity of this charge? I quote from it verbatim:

"Twelfth. That in violation of the terms and conditions upon which said letters patent and each of them were issued as aforesaid, said defendant or its predecessors have unlawfully erected and maintained upon each and every one of the said portions of land under water described in the said letters patent, respectively, factory buildings and structures, six, eight, and ten stories high, and numerous other factory structures from one to four stories high, and ever since the said 17th day of February, 1905, the defendant has unlawfully occupied, used, and maintained, and now unlawfully occupies, uses, and maintains, the said buildings and structures in its private business of sugar refining; and the said defendant and its predecessors have otherwise omitted to perform the conditions under which the said patents were issued."

[4, 5] The opening words of this paragraph, "That in violation of the terms and conditions upon which said letters patent and each of them were issued as aforesaid, said defendant or its predecessors have *unlawfully* erected and maintained upon each and every one of the said portions of land under water," certain buildings, etc., is nothing

more nor less than the pleader's legal conclusion. His further assertion that the defendant has unlawfully occupied and maintained, and now unlawfully occupies, uses, and maintains, is another conclusion, and the closing words of his charge that said defendant and its predecessors have *otherwise* omitted to perform the conditions under which said patents were issued is so vague, meaningless, and uncertain as to be incapable of legal proof or proper refutation.

[6] The grants imposed the condition of building a dock or docks. Where in the complaint is the charge or allegation that such docks were not built? The charge in the complaint is that the defendant erected buildings and structures varying in height. Where in the grants are there any restrictions or prohibitory clauses, concerning the nature of improvements to be made upon the land filled in? Certain of these grants were for the purpose of beneficial enjoyment by the owner of the upland, *all* of them were for the express purpose of promoting the commerce of the state. Where in the complaint does it appear that the premises are not being used in such a way that the commercial interests of the state are not being promoted, or that the structures erected by the American Sugar Refining Company impair the navigability of the East river, or that the lands are not being employed for the beneficial enjoyment of the adjacent owner, pursuant to the terms of the grant? Laying aside all rules of technical construction, and applying the test of common sense and reason to the complaint under consideration, wherein and whereby does it set forth any cause of action against this defendant? The action sought to be maintained is strictly a statutory one, and in actions of this kind the complaint must and should contain every fact bringing the case within the statute.

[7] The Attorney General finds authority for the bringing of this action under section 1957 of the Code of Civil Procedure, the provisions of which, so far as applicable, read as follows:

"The Attorney General may maintain an action to vacate or annul letters patent granted by the people of the state, in either of the following cases:  *   *   *

"3. Where the patentee, or those claiming under him, have done or omitted an act, in violation of the terms and conditions upon which the letters patent were granted, or have, by any other means, forfeited the interest acquired under the same."

Surely it cannot be said that the people's complaint in this case complies with the statutory provisions. The court is not unmindful of the fact that in the paragraph following there is a clause providing that:

"Whenever the Attorney General has good reason to believe that any act or omissions specified in this section can be proved and that the person to be made a defendant has no sufficient legal defense he must commence such an action."

This latter clause, I take it, while making it the duty of a public officer to discharge a public trust, still in no wise exempts that same officer or his client from the consequences of presenting a pleading which does not stand the test of judicial approval under well-defined rules of legal procedure.

[**8, 9**] It is very true that under our most recent authorities pleadings are not to be strictly construed against the pleader, and a good test is whether under the pleading in this case could the plaintiffs offer the necessary evidence to prove the charge they endeavor to make. There being, for instance, no allegation in the complaint concerning the failure to build docks, can the plaintiffs offer any evidence on this matter? There being no restrictive or prohibitory clauses in the grants concerning the erection of buildings or improvements, can the plaintiff, in the absence of a proper allegation of such fact, offer any evidence on that point? And, finally, what evidence, if any, can the plaintiffs offer to prove the general allegation that the defendant and its predecessors have "otherwise omitted to perform" the conditions under which said patents were granted? As I understand the trend of opinion, the plaintiffs cannot offer such proof, and therefore the complaint must fall under the attack of the demurrer.

The motion of the plaintiffs for judgment on the pleadings is denied, with $10 costs, and the demurrer interposed by the defendant is sustained, with permission to the plaintiffs to plead over on payment of costs.